ROBERT L. BLAND, Judge,
dissenting.
The maintenance of a public highway is a governmental function. On the day of the accident on account of which the claim in this case is made, the state, through its road commission, was engaged in shooting and sloping stone at Stewart’s Cut, as shown in the majority opinion.
In the exercise of a governmental function the state is not liable for the negligence — if there actually be negligence — of its agents and servants in the absence of a statute making it so liable. There is no such statute in West Virginia.
The state does not guarantee safety or freedom from accident of persons using its highways. Per-sons using such public highways assume all risks incident to such travel. The state owes no duty to persons using its highways further than to keep them in reasonably safe condition for public travel thereon.
The fact that flagmen were stationed at the eastern and western ends of said cut or road was sufficient to put the driver of claimant’s vehicle on notice of any danger that he might assume or incur in proceeding upon the highway. His privilege of using such highway was subordinate ¡o the greater right of the state to repair the road. The mere signal given by the flagman at the eastern end of the cut to proceed did not constitute actionable negligence. The driver actually did travel from fifty to seventy-five yards before his automobile was struck by a'fa'iling rock. This case only strengthens and confirms my conviction that the shortened procedure provision of the court act should never be used in cases where facts are controversial. In the instant case the record in which the claim is presented to this court is a one-sided affair. The road commission concurs in the claim and presents it to the court from its point of view and it is approved by an assistant attorney general. As a matter of fact the award is made by the state road commission and the attorney general’s office. The court of claims is merely used in the premises as a *64 ratifying instrumentality. Its consideration of the facts is necessarily limited to one side of the case, that side being the one considered by the road commission alone.